1  Michael C. Manning (016255)
   Jeffrey J. Goulder (010258)
2  Brian J. Palmer (023394)
   **STINSON MORRISON HECKER LLP**
3  1850 North Central Avenue, Suite 2100
   Phoenix, Arizona 85004-4584
4  Tel: (602) 279-1600
   Fax: (602) 240-6925
5  Email:  mmanning@stinson.com
           jgoulder@stinson.com
6          bpalmer@stinson.com
   Attorneys for Plaintiff

7
                 **UNITED STATES DISTRICT COURT**
8
                      **DISTRICT OF ARIZONA**
9

10  N. TERRYL ROGERS, Successor          No. 2:08-cv-01002-PHX-GMS
    Plan Trustee of Debtor Michael K.
11  Schugg's First Amended Plan of       **PLAINTIFF'S SUPPLEMENTAL**
    Reorganization,                      **OBJECTION TO MODEL**
                                         **INSTRUCTION 5.3 AND**
12                  Plaintiff,           **PROPOSED ALTERNATIVE JURY**
                                         **INSTRUCTION**
13  v.

14  SNELL & WILMER, L.L.P., a limited
    liability partnership,
15
                    Defendant.
16

17        Plaintiff hereby files its Supplemental Objection and Alternative Instruction to

18  the Joint Proposed Jury Instructions filed Friday, February 5, 2010.  This Supplement

19  relates only to Plaintiff's objections to 9th Circuit Model Jury Instruction 5.3 as proposed

20  by Defendant.    Defendant included its proposed 9th Circuit Model Civil Jury

21  Instructions in its objections to Plaintiff's proposed jury instructions, which were not

22  received by Plaintiff until after 10 p.m. on Thursday, February 4, 2010.  The parties'

23  specific objections and alternative instructions were due the afternoon of Friday,

24  February 5, 2010.  As a result, Plaintiff was unable to submit its complete objection and

25  alternative instruction to Defendant's proposal of 9th Circuit Model Civil Jury

26  Instruction 5.3 relating to mitigation of damages.

I.      **Plaintiff's Objection**

**DF 5.3 - 9TH Circuit Model Civil Jury Instruction (Damages – Mitigation)**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate

means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

>       1. that the plaintiff failed to use reasonable efforts to mitigate damages;

>       and

>       2. the amount by which damages would have been mitigated.

**PLAINTIFF'S OBJECTION**

        Plaintiff objects to this instruction because Defendant cannot articulate a theory

of mitigation to justify instructing the jury on mitigation, and the instruction is vague

and confusing under the facts of this case.

        Defendant must provide competent evidence that Plaintiff failed to take

reasonable efforts to mitigate its damages before it can submit this issue to the jury.

*Barnes v. Lopez,* 25 Ariz.App. 477, 481, 544 P.2d 694, 698 (App. 1976).   Until

Defendant articulates a legally permissible theory of mitigation, supported by competent

evidence, that Plaintiff "by its own voluntary activity has unreasonably exposed itself to

damage or increased its injury,"  the jury should not be instructed on mitigation.   *Life

Investors Insurance Co. of America v. Horizon Resources Bethany, Ltd.,* 182 Ariz. 529,

534, 898 P.2d 478, 483 (App. 1995) ("As such, 'mitigation' was not possible.   An

instruction on that concept would have confused the jury and would have been error.

Unless an issue is supported by the evidence, it is improper to instruct the jury on it.")

        However, if the Court decides to instruct the jury on mitigation in some manner,

then Plaintiff objects to the term "reasonable efforts" as vague and confusing given the

particular facts of this case.  First, given the disputed issues relating to causation and the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

existence of damages, the jury should be specifically instructed that the doctrine of avoidable consequences/mitigation of damages affects the measure of damages, not the right of Plaintiff to recover damages. *Universal Investment Company v. Sahara Motor Inn, Inc.,* 127 Ariz. 213, 215, 619 P.2d 485, 487 (App. 1980).

Second, "reasonable efforts" needs explanation given the particular facts of this case. In particular, the jury must understand that the key requirement is that the injured party only is required to exercise reasonable care to mitigate its damages. No extraordinary or risky actions are required. *Fairway Builders, Inc. v. Malouf Towers Rental Co., Inc.,* 124 Ariz. 242, 256, 603 P.2d 513, 527 (App. 1979). Nor is Plaintiff required to take any actions in mitigation which would subject Plaintiff to undue risk, expense, or humiliation. *Coury Bros. Ranches, Inc. v. Ellsworth,* 103 Ariz. 515, 520, 446 P.2d 458, 463 (1968) (citing Restatement of Contracts §336(1)).

In a malpractice action where Plaintiff claims that Defendant failed to take certain actions in the context of litigation and thereby caused damages, the jury should be instructed that, as a general rule, it is not reasonable for Plaintiff to be required to initiate or continue legal proceedings in order to attempt to mitigate its damages. *Robinson v. Carney,* 632 A.2d 106, 108 (D.C.App. 1993) ("We are aware of no authority…that requires a party to protect his or her interest by filing a lawsuit. On the contrary, the general rule is that 'injured parties need not…institute and prosecute [law] suits in order to mitigate damages.") (citations omitted); *Stadheim v. Becking,* 290 N.W.2d 273, 274 (S.D. 1980) ("The law does not require a person to take affirmative legal action to prevent [the tortfeasor] from suffering the result of the tortious act"); *Lipshie v. Lazarus,* 235 N.Y.S.2d 764, 769 (N.Y.Sup.Ct. 1962); *In re Stone,* 41 P.3d 705, 712 (Colo. 2002) ("A failure to appeal can never be a failure to mitigate damages caused by malpractice at trial"). Thus, to the extent that Defendant seeks to argue that

3

Plaintiff should have attempted to mitigate its damages through the adversary proceeding filed against S&T Dairy in the Schugg bankruptcy case, this instruction should not be given, or the jury should be instructed that such acts are not "reasonable" for purposes of mitigating Plaintiff's damages.

**PLAINTIFF'S ALTERNATIVE INSTRUCTION**

Plaintiff is required to mitigate its damages.  Mitigate means to use reasonable efforts in order to avoid exposure to additional damage or an increase in the injury.  Plaintiff is only required to take reasonable actions to mitigate its damages.  Plaintiff is not required to take extraordinary actions, or any actions which would cause Plaintiff to subject itself to undue risk or expense.  Plaintiff is not required to initiate or continue legal proceedings to mitigate its damages.

Defendant has the burden of proving that:

      1.     Plaintiff failed to use reasonable efforts to mitigate its damages; and

      2.     The amount by which Plaintiff's damages would have been reduced by the mitigation.

If you find that Plaintiff failed to mitigate its damages, you should reduce the amount of damages awarded to Plaintiff by the amount of damages which Defendant has proven would have been prevented by the mitigation.  A failure by Plaintiff to mitigate its damages does not preclude an award of damages to Plaintiff.

**Source:** *Life Investors Insurance Co. of America v. Horizon Resources Bethany, Ltd.,* 182 Ariz. 529, 534, 898 P.2d 478, 483 (App. 1995); *Fairway Builders, Inc. v. Malouf Towers Rental Co., Inc.,* 124 Ariz. 242, 256, 603 P.2d 513, 527 (App. 1979); *Coury Bros. Ranches, Inc. v. Ellsworth,* 103 Ariz. 515, 520, 446 P.2d 458, 463 (1968);

4

1

2
*Universal Investment Company v. Sahara Motor Inn, Inc.,* 127 Ariz. 213, 215, 619 P.2d

485, 487 (App. 1980).

3

4
     Plaintiff is not required to pursue litigation to mitigate damages: *Robinson v.*

*Carney,* 632 A.2d 106, 108 (D.C.App. 1993); *Stadheim v. Becking,* 290 N.W.2d 273,

5
274 (S.D. 1980); *Lipshie v. Lazarus,* 235 N.Y.S.2d 764, 769 (N.Y.Sup.Ct. 1962); *In re*

6
*Stone,* 41 P.3d 705, 712 (Colo. 2002).

7

8
     RESPECTFULLY SUBMITTED this  9ᵗʰ  day of February, 2010.

9
                     **STINSON MORRISON HECKER LLP**

10

11
               By:   /s/ Jeffrey J. Goulder
                      Michael C. Manning

12
                      Jeffrey J. Goulder
                      Brian J. Palmer

13
                      1850 North Central Avenue, Suite 2100
                      Phoenix, Arizona 85004-4584

14
                      Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

5

1

2   I hereby certify that on the __9th__ day of
    February, 2010, I caused the foregoing
3   document to be filed electronically with the
    Clerk of Court through ECF; and that ECF
4   will send an e-notice of the electronic filing to
    the following ECF participants:

5
    Kenneth J. Sherk, Esq.
6   Kevin J. Bonner, Esq.
    Fennemore Craig, P.C.
7   3003 North Central Avenue, Suite 2600
    Phoenix, Arizona 85012-2913
8   Attorneys for Snell & Wilmer LLP
    ksherk@fclaw.com
9   kbonner@fclaw.com

10
    /s/ MaryEllen Santana
11
    DB03/803900.0003/9369938.1 DD02
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6