WO

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| N. Terryl Rogers, Successor Plan Trustee of Debtor Michael K. Schugg's First Amended Plan of Reorganization,<br><br>Plaintiff,<br><br>vs.<br><br>Snell & Wilmer, L. L. P.,<br><br>Defendant. | No. CV-08-1002-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motions In Limine Numbers 3 and 4 (Dkt. ## 91, 92) and Defendant's Motion in Limine No. 5 (Dkt. # 122). For the following reasons, the Court denies each of the Motions in Limine. It denies Plaintiff's Motions 3 and 4 without prejudice.

A reason common to the denial of all of these Motions in Limine is that they all seek to have the Court exclude or affirm evidence based on the Court's determination of the substantive law as it applies to this case. Without exception the legal rulings on which the evidentiary exclusion is asserted depend on factual assertions that are contested and/or cannot be sufficiently established in the context of a motion in limine or appear to the Court to be either improperly founded or erroneous. More specifically:

/ / /

/ / /

**Plaintiff's Motion in Limine No. 3** (Dkt. # 91) is denied without prejudice because it requests an order "prohibiting Defendant from introducing any evidence relating to the purported fault of any of Defendant's named non-parties at fault." It further asserts that "none of the purported non-parties at fault owed a duty to the Plaintiff." Nevertheless, the relationship between the Estate and Robbins & Green is an issue that is apparently disputed by the parties. If the relationship is what Defendant purports that it was, it would give rise to a duty. Further, though Plaintiff doesn't seem to contest that Perkins Coie had some duty to the Estate, they assert that the chronology of the representation would have prevented Perkins Coie from possibly asserting a claim on behalf of the Estate similar to the one Plaintiff asserts should have been brought by Defendant. This assertion too presents issues of fact that cannot be properly evaluated on a motion in limine. Finally, Defendant claims that the GRIC committed an intentional tort that damaged the Estate. Defendant asserts that "fault" includes damage caused by an intentional tort. Plaintiff does not seem to contest this. Defendant has thus laid out some basis to conclude that there are non-parties that may have had duties to the Estate, and others who may have committed intentional torts that damaged the Estate.

Defendant asserts in its briefing on this motion that it will not "argue at trial that Debra Schugg or her Counsel Phillip Mitchell should be assessed any fault." Defendant continues to contend, however, that it should be allowed to argue that Mike Schugg, as the real party in interest, should be assessed fault, among other things, for his failure to purchase title insurance on the property. It further argues that debtor's counsel Dale Schian can be assessed "fault" due, among other things, to his representation of the Estate in its claim against S&T in 2007. While it is substantially less clear to the Court whether such behavior could constitute "fault' under the Arizona comparative fault statute, the Court cannot determine the facts sufficiently in the context of a motion in limine to conclude that there is no possible way that these facts could constitute "fault." The Court is aware of Plaintiff's argument that Defendant has yet to submit jury instructions that would outline how, under Arizona's comparative fault law, the jury could evaluate whether the non-parties are at fault.

1  But, the Court has not yet settled jury instructions. And, it further appears that Defendant has
2  at least some possibly viable arguments on which a jury could attribute some actionable fault
3  to some of the non parties. Given this circumstance, the Court deems it best to allow
4  evidence to come in so long as there is an ascertainable basis on which a jury could be
5  instructed that a non-party was at fault for all or part of the damage to the Estate for which
6  the Estate blames the Defendant. It thus denies, without prejudice, Plaintiff's Motion In
7  Limine No. 3 (Dkt. # 91) to the extent that it requests that the Court completely preclude the
8  introduction of evidence designed to establish that non-parties are at fault.

**Plaintiff's Motion In Limine No. 4** (Dkt. # 92) is also denied without prejudice. Plaintiff requests, based on the doctrine of collateral estoppel, that "this Court adopt Judge Nielsen's ruling [that the Defendant violated Bankruptcy Rule 2014] without further proof and preclude Defendant from introducing contrary evidence or legal argument on the issue." The parties dispute whether collateral estoppel could be used to establish any evidentiary proposition in this case since there has been no final judgment in the bankruptcy case. It appears to the Court, however, that even if collateral estoppel is not applicable here, the law of the case doctrine may be. *United States v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997). Neither party seems to contest that Judge Nielsen in fact made a ruling in the underlying bankruptcy that Defendant had violated Bankruptcy Rule 2014 and he obliged Defendant to bring itself in compliance with the rule. The present case, however, is two consolidated actions. The first is the tort action that was originally filed in Maricopa County Superior Court, then withdrawn to bankruptcy court, and on which the parties stipulated that the reference should be withdrawn. (Cause No. CV-08-1002). The second is the Estate's objections to Snell & Wilmer's ("Snell") fee application in the underlying bankruptcy to the extent that the Estate's objection is based on the assertion that Snell had not properly disclosed potential conflicts of interest. (Cause No. CV-08-1587). The Court withdrew this issue, and only this issue, from bankruptcy court over the Defendant's objection. *See* Order Dkt. # 9. No party then objected to the consolidation of these cases under the present case number. It appears therefore that Judge Nielsen's ruling is law of the case as the instant

matter will resolve an issue currently pending in the underlying bankruptcy on which the reference has been withdrawn, and about which Judge Nielsen has already made a ruling. Nevertheless, because the law of the case doctrine is not the basis on which the Plaintiff moved to establish the evidence, and because neither Defendant nor Plaintiff, has had a chance to be heard on the applicability of the doctrine, the Court will deny the motion without prejudice.

**Defendant's Motion In Limine No. 5** (Dkt. # 122) is also denied. Defendant requests "an order precluding Plaintiff from offering to the jury any evidence that Snell had a conflict of interest, including any evidence that Snell represented Transnation . . . or any Transnation affiliate in any matter." Defendant bases this argument on three propositions.

The first is that such evidence "is patently irrelevant and unrelated to the core issue in this case–whether Snell fell below the applicable standard of care in advising Grant Lyon." The Court rejects this argument because "proof of a violation of a rule or statute regulating the conduct of lawyers may be considered by the trier of fact as an aid in understanding and applying the standard [of care]." Restatement (Third) of Law Governing Lawyers § 52(2)(c) (1998); *Elliot v. Videan,* 164 Ariz. 113, 116, 791 P.2d 639, 642 (1990) (holding that evidence of violation of rules of professional conduct may be considered by jury in the determination of whether a lawyer committed malpractice.).

The second proposition on which Defendant bases its argument for exclusion is that Plaintiff has not disclosed any damages caused by Snell's alleged conflict of interest. The Court rejects this argument as well, because if the jury were to adopt Plaintiff's theory of the case, it could also find that Snell's representation of the Estate was affected by Snell's representation of other current and former clients, and that the resulting representation ultimately resulted in damage to the Estate.

The third proposition on which Defendant bases its argument for exclusion is that the existence of a conflict, and the equitable determination of whether disgorgement is the proper remedy, are matters for the Court to decide. The Court agrees that whether a conflict exists

constitutes a matter of law. But, whether a breach of the standard of care, and a breach of fiduciary duty exists is a matter for a jury. A breach of a duty of care may be decided based on the same facts that might otherwise constitute a conflict and in such circumstances, it is appropriate for a jury to hear such evidence. *Elliot,* 197 P.2d at 642. This is especially the case when neither party, prior to trial, asked the Court to determine, as a matter of law, whether Defendant breached its ethical obligation to the Estate. And, even assuming that it is appropriate for the Court to decide whether disgorgement is an appropriate ethical remedy, the jury may consider the underlying facts to determine whether the Defendant breached a fiduciary duty it owed to Plaintiff. Therefore, Defendant's Motion in Limine No. 5 (Dkt. # 122) is denied.

**IT IS HEREBY ORDERED**:

1. Denying Plaintiff's Motions In Limine Nos. 3 and 4 (Dkt. ## 91, 92), and Defendant's Motion in Limine No. 5 (Dkt. # 122). Plaintiff's Motions Nos. 3 and 4 are denied without prejudice.

DATED this 3rd day of March, 2010.

_____
G. Murray Snow
United States District Judge